1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| F. LEE BRELAND, | CASE NO. 12-CV-2929-IEG (NLS) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED** ***IN FORMA PAUPERIS*** |
| vs. | **[DOC. NO. 2]** |
| M. TEJADA; ABROGATE; FOX; WRIGHT; DOES 1-5,000, | |
| Defendants. | |

  F. Lee Breland ("Plaintiff"), proceeding *pro se*, has filed a civil action alleging various human rights violations. [Doc. No. 1, Compl.] Plaintiff has not paid the $350 civil filing fee required to commence this action; rather, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2, IFP Mot.]

  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

  Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all assets, showing that he or she is unable to pay filing fees. See 28 U.S.C. § 1915(a). Plaintiff has submitted a declaration stating that he is employed as an independent contractor. [Doc. No. 2, IFP

1  Mot. at 2.]  However, he did not answer the question that asks for the amount of his take-home
2  salary or wages.  [Id.]  Plaintiff also stated that in the past twelve months, he has received money
3  from "business, profession, or other self-employment."  [Id.]  He did not answer the subsequent
4  question that asks for information on the amount he received and the amount he expects to
5  continue to receive each month.  [Id.]  Without information on the amount Plaintiff receives from
6  his employment, the Court is unable to evaluate whether he may proceed IFP.

7       Accordingly, the Court **DENIES** Plaintiff's motion to proceed IFP without prejudice.  The
8  Court **GRANTS** Plaintiff twenty-one (21) days leave from the date this Order is stamped "Filed"
9  to prepay the $350 civil filing fee in full or to re-file a motion to proceed IFP that cures the
10 deficiencies set forth above.  If Plaintiff fails to prepay the $350 civil filing fee or to re-file a
11 motion to proceed IFP within that time, this action shall remain dismissed without prejudice
12 without further Order of the Court.  If Plaintiff pays the required filing fee, Plaintiff is required to
13 serve Defendants; Plaintiff is not entitled to U.S. Marshal service on his behalf.

14  **IT IS SO ORDERED.**
15 **DATED:** February 20, 2013

**IRMA E. GONZALEZ**
**United States District Judge**